**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **PAULA A. MOTT,** | § | |
| | § | |
| **Plaintiff, *Pro Se*,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-CV-3084** |
| | § | |
| **SCHNEIDER ELECTRIC INC,** | § | |
| **SCHNEIDER ELECTRIC SYSTEMS USA** | § | |
| **INC, SCHNEIDER ELECTRIC CANADA,** | § | |
| **NASIR MUNDH, ANDREW NIX, NICOLA** | § | |
| **FOX, JAY ABDALLAH,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>DEFENDANTS' NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. § 1446, Schneider Electric Systems USA, Inc. and Schneider Electric Canada, Inc. (incorrectly named as "Schneider Electric Canada) (collectively the "Defendants") file this Notice of Removal of Cause No. 2024-42757, currently pending in the 295th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. Removal of this case to federal court is proper based on diversity jurisdiction.

### I.    BACKGROUND

1.    On July 5, 2024, Plaintiff Paula A. Mott ("Plaintiff" or "Mott"), proceeding *pro se*, filed her Original Petition with the 295th Judicial District of Harris County, Texas against Defendants Schneider Electric Systems USA, Inc., Schneider Electric Inc., Schneider Electric Canada, Inc., and four Individual Defendants, Nasir Mundh, Andrew Nix, Nicola Fox, and Jay Abdallah (the "Petition"). Mott alleges sex discrimination and retaliation claims under Chapter 21 of the Texas Labor Code, breach of data claims under the Stored Communications Act of 1986

Defendants' Notice of Removal - Page 1

and the Texas Harmful Access by Computer Act, and various other state law claims arising out of her employment with Defendant Schneider Electric Systems, USA, Inc. (the "State Court Action"). A copy of the Petition is attached as **Exhibit A**.

2.      On July 17, 2024, Mott served her Original Petition by mail to the corporate registered agent of Defendant Schneider Electric Systems USA, Inc. *See* **Exhibit B** (notification of service by Corporation Service Company). In addition, Mott attempted to serve Schneider Electric Canada, Inc., Schneider Electric, Inc., and the four Individual Defendants[1] through the same corporate registered agent of Defendant Schneider Electric Systems USA, Inc., which is improper.[2] *See id*; TEX. R. CIV. P. 106; 108.

3.      No return of service has been filed in connection with service of process on any defendant in the State Court action. Further, because none of the Individual Defendants or Schneider Electric, Inc.[3] has been properly joined or served in this lawsuit, their consent is not necessary for this removal action. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring all defendants who have been properly joined and served to join in or consent to the removal).

4.      This Notice of Removal is being filed within 30 days after Defendant Schneider Electric Systems USA, Inc. was served with Mott's Original Petition, from which it was first ascertainable that the case was removable to federal court. Removal is further proper to this Federal

---

[1] As noted, the four Individual Defendants are Nasir Mundh, Andrew Nix, Nicola Fox, and Jay Abdallah.

[2] *See* **Exhibits D17-23**, showing certified mail receipts of Mott's attempted service of all defendants in the State Court Action through Corporation Service Company, which is the registered agent of Schneider Electric Systems USA, Inc. only, and not of any other defendants.

[3] Not only is Defendant Schneider Electric, Inc. improperly served, it is likely improperly named as well. Defendant Schneider Electric, Inc. is not affiliated with Schneider Electric Systems USA, Inc. or its family of companies and is not registered to do business in Texas. *See* **Exhibit H**, Declaration of Jennifer Budoff, ¶ 7; **Exhibit E** (Texas Secretary of State Certificate of No Records).

**Defendants' Notice of Removal - Page 2**

District Court and division because it embraces Harris County, Texas. As such, removal is both timely and proper. 28 U.S.C. § 1446(b).

5. In accordance with 28 U.S.C. § 1446(a) and Local Rule 81, attached with this Notice of Removal is an index of matters being filed (**Exhibit C**), which includes the docket sheet and copies of all attempted process, pleadings asserting causes of action, and orders related to the state court proceeding (**Exhibit D**). Attached as **Exhibit F** is a list of all counsel of record, including addresses, telephone numbers, and parties represented.

6. In accordance with 28 U.S.C. § 1446(d), Defendants have simultaneously given prompt written notice of the filing of their Notice of Removal to all adverse parties and filed a copy of this Notice of Removal with the 295th Judicial District of Harris County. *See* **Exhibit G**.

## II.    DIVERSITY JURISDICTION

5. This Court has diversity jurisdiction over this lawsuit. *See* 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (2) the dispute is between citizens of different states or nations. *Id.* § 1332(a)(1)-(2). As shown below, both of these requirements are met in this case.

### A.    <u>The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.</u>

6. Under 28 U.S.C. § 1446(c)(2)(A)(ii), the Notice of Removal may assert the amount in controversy if the initial pleading seeks "a money judgment, but the State practice . . . does not permit demand for a specific sum."

7. Under Texas law, a plaintiff cannot plead for a specific amount. Rather, Texas Rule of Civil Procedure 47 requires a pleading to contain a statement that the damages sought are within the jurisdictional limits of the court, and a statement that the party seeks a pre-defined range of damages. TEX. R. CIV. P. 47(b)-(c); *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 WL

641634, at *2 (S.D. Tex. Feb. 18, 2016), *aff'd*, 746 F. App'x 337 (5th Cir. 2018) (holding that Texas law does not allow a plaintiff to plead that he or she seeks damages not to exceed $75,000, and such a demand, "cannot be deemed the amount in controversy because '[s]uch manipulation is surely characterized as bad faith.'"). Here, Mott's Petition does not seek a specific amount, but merely an amount within the jurisdictional limits. **Ex. A,** Pl's Pet. ¶4; *See* TEX. GOV'T. CODE § 24.007(b) (district courts retaining jurisdiction over all matters over $500).

8.    Defendants assert that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. Where a plaintiff fails to allege a specific amount in controversy, a defendant need only make a good faith estimate of the amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). In determining whether the amount in controversy is met, a court is entitled to make "common sense inferences about the amount put at stake by the injuries the plaintiff[] claim[s]." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

9.    Here, the Petition alleges that "Defendants failed to pay the Plaintiff $50,000" in bonus owed. *See* **Ex. A,** Pl's Pet. ¶¶ 9-10, 14, 104-105. In addition, Mott claims her annual base salary upon hire was $125,000 and that she was terminated a year later, on October 21, 2022. *See id*. ¶¶ 9, 29. The Petition additionally seeks the recovery of back and front pay in connection with her Chapter 21 claims, as well as economic and non-economic damages from her eleven other causes of action including emotional, punitive, and statutory damages. *See generally id*. ¶¶ 9, 129.

10.    Mott's allegation of unpaid bonus in the amount of $50,000 – in addition to approximately twenty months of backpay from her termination date of October 21, 2022 to the present predicated on her claimed annual salary of $125,000, is more than sufficient for Defendants

to allege in good faith that the amount in controversy exceeds the jurisdictional minimum. *See Robertson*, 814 F.3d at 240 (removing defendant may satisfy amount-in-controversy requirement by showing amount is "facially apparent" from complaint). In addition, Mott's requests for exemplary damages, expert fees, and attorneys' fees,[4] indicate that Mott seeks the maximum recovery under the law for each of her thirteen causes of actions, thereby ensuring that her damages would exceed the jurisdictional threshold for removal purposes. *See Rodriguez v. CVS Pharmacy, Inc.*, Civ. No. 1:23-cv-006, 2023 WL 3690102, at *4 (S.D. Tex. Apr. 26, 2023), *report and recommendation adopted*, No. 1:23-CV-00006, 2023 WL 3688009 (S.D. Tex. May 26, 2023) (affirming that "courts should consider each item of damages" and holding that plaintiff's backpay damages along with compensatory damages, exemplary damages, and attorneys' fees easily cleared the $75,000 threshold).

11.     Finally, the Petition seeks a variety of non-monetary relief including "emotional pain [and] suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." **Ex. A,** Pl's Pet. ¶ 129(d). These separate and additional categories of damages further entitle Defendants to assert in good faith that the amount in controversy has been met. *See* 28 U.S.C. § 1446(c)(2)(A)(i); *Rodriguez*, 2023 WL 3690102, at *4.

**B.      Complete Diversity of Citizenship Exists.**

12.     The second requirement for removal based on diversity jurisdiction is also satisfied here because there is complete diversity of citizenship between Mott and each Defendant at the time of removal, with the exception of Andrew Nix who was improperly joined, as addressed below. 28 U.S.C. §1332(a)(1)-(2).

---

[4] Although Mott is currently proceeding *pro se*, she states in her Petition that she "is seeking counsel and seeks reasonable attorneys' fees through trial and all levels of appeal, if necessary . . . ." **Ex. A**, Pl's Pet. ¶ 129(e).

**Defendants' Notice of Removal - Page 5**

13.     Mott alleges in her Petition that she is a resident of Harris County, Texas, lists a Houston address in her Petition. **Ex. A,** Pl's Pet. ¶ 2. Accordingly, Mott is a citizen of Texas for purposes of diversity jurisdiction.

14.     Mott's Petition alleges that Individual Defendant Nasir Mundh is located in Canada.  **Ex. A,** Pet. ¶ 3(a). Accordingly, Individual Defendant Mundh is not a citizen of Texas for purposes of diversity jurisdiction.

15.     The Petition additionally alleges that Individual Defendant Nicola Fox is located in the United Kingdom. Pl's Pet. ¶ 3(c). Accordingly, Individual Defendant Nicola Fox is not a citizen of Texas for purposes of diversity jurisdiction.

16.     The Petition additionally alleges that Individual Defendant Jay Abdallah is located in the Middle East. **Ex. A**, Pl's Pet. ¶ 3(d).  Accordingly, Individual Defendant Jay Abdallah is not a citizen of Texas for purposes of diversity jurisdiction.

17.     As to the corporate defendants, for diversity purposes, a corporation is a citizen of both its state of incorporation and its principal place of business. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc*., 929 F.3d 310, 314 (5th Cir. 2019) (citing 28 U.S.C. § 1332(c)(1)). A corporation's principal place of business is ordinarily its headquarters –a "nerve center" where the corporation's officers direct, control, and coordinate the corporation's activities." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

18.     At the time of removal, Defendant Schneider Electric Systems USA, Inc. is not a citizen of Texas. Defendant Schneider Electric Systems USA, Inc. is foreign corporation formed under the laws of the State of Delaware, and with its headquarters and principal place of business in Massachusetts. **Exhibit H**, Decl. of Jennifer Budoff, ¶ 3.

19.     At the time of removal, Defendant Schneider Electric Canada, Inc. is also not a citizen of Texas. Defendant Schneider Electric Canada, Inc. is foreign corporation formed in Ontario, Canada, and with its headquarters and principal place of business in 5985 McLaughlin Road, Mississauga, Ontario, Canada. **Ex. H**, Budoff Decl., at ¶ 4.

20.     In sum, Plaintiff Mott is a citizen of Texas and each of the above defendants are not.[5] Therefore, complete diversity of citizenship exists in this case.

### III.     PLAINTIFF'S IMPROPER JOINDER AGAINST ANDREW NIX DOES NOT DEFEAT DIVERSITY.

### A.     Legal Standards of Improper Joinder.

21.     "When assessing whether diversity jurisdiction exists, a court must disregard non-diverse citizenship of an improperly joined defendant." *Doucet v. State Farm Fire & Cas. Co.*, Civ. No. 1:09-CV-142, 2009 WL 3157478, at *4 (E.D. Tex. Sept. 25, 2009) (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572-573 (5th Cir. 2004)). "A district court should ordinarily resolve improper joinder by conducting a Rule 12(b)(6)-type analysis." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005); *see also, Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). However, when plaintiff has stated a claim, but "misstated or omitted discrete facts," the district court has the discretion to pierce the pleadings and conduct a summary inquiry. *McDonal*, 408 F.3d at 183, n.6 (citing *Smallwood*, 385 F.3d at 573)).

22.     The Fifth Circuit has established that the test for improper joinder as one in which the removing party has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, meaning, there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant. *Smallwood*, 385 F.3d at 573. The

---

[5] The Defendants do not concede that their inclusion in this lawsuit is proper and intend to seek a dismissal of Mott's claims under Federal Rule of Civil Procedure 12(b) after removal.

**Defendants' Notice of Removal - Page 7**

Court need not determine whether Mott will ultimately prevail on the merits of the claim, but there must be a "reasonable basis" for liability against the in-state defendant. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). "A mere theoretical possibility of recovery" is insufficient. *Id*. at 648 (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000)).

**B.      <u>Andrew Nix was improperly joined to defeat diversity amongst the parties.</u>**

23.      Mott alleges that Individual Defendant, Andrew Nix, resides in Houston. **Ex. A**, Pl's Pet. ¶ 3(b). However, Mott has failed to show any reasonable basis to predict that she might be able to recover personally against Nix for harassment and retaliation under Chapter 21 of the Texas Labor Code, or under her common law claims of defamation, and intentional infliction of emotional distress. Because none of these actions can result in personal liability, Nix's citizenship is irrelevant and must be discounted for purposes of diversity jurisdiction.

> I.      *Mott cannot maintain her administratively-barred employment claims against any Defendant, and further has no basis to recover against Nix for her harassment and retaliation claims.*

24.      As relevant to her harassment and retaliation claims, Mott's Petition alleged the following conduct she directly attributes to Nix:[6]

- For her harassment claim, Mott alleges that Defendants, including Nix, "failed to take immediate and appropriate action" to address her sexual harassment complaint, but acknowledges that Nix immediately reported her complaint for investigation by the Human Resources Department. **Ex. A**, Pl's Pet. ¶¶ 18, 19;

---

[6] Although Mott's Petition generally includes Nix as one of the "Defendants" against whom allegations are made, she named Nix as an individual Defendant and specifically alleged only the listed conduct on the part of Nix. *See, e.g.*, **Ex. A,** Pl's Pet., at 1; ¶¶ 19, 25; 27, 39; *see also*, FED. R. CIV. P. (8)(a)(2); 10(b); *Chowdary v. Ozcelebi (Ozcelebi)*, 635 B.R. 467, 472 (Bankr. S.D. Tex. 2021) (disfavoring shotgun pleadings).

**Defendants' Notice of Removal - Page 8**

- For her retaliation claim, Mott alleges that Nix "retaliated" against her in September of 2022 by causing an internal investigation to be initiated against her for allegations of fraudulent conduct, and further "manufactured false accusations of fraud" against Mott, leading to the termination of her employment on October 21, 2022. **Ex. A**, Pl's Pet. ¶¶ 25; 28;

25.    Mott cannot recover against Nix on her employment claims for three reasons, each of which is sufficient to demonstrate improper joinder.

26.    First, Mott failed to administratively exhaust her employment claims, barring them from being brought against *any* defendants, including Nix. Under Texas law, a plaintiff claiming employment discrimination under Chapter 21 of the Texas Labor Code must exhaust administrative remedies prior to filing a civil action. *See* TEX. LAB. CODE §§ 21.201-262; *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996) (the timely filing of an administrative complaint is a mandatory prerequisite to filing suit).

27.    To meet this exhaustion requirement, a plaintiff must file a sworn, written complaint with the Equal Employment Opportunity Commission ("EEOC") or the Texas Workforce Commission ("TWC") within 180 days of the alleged discriminatory act. TEX. LAB. CODE §§ 21.201-21.202. The 180-day period commences on the date the alleged unlawful employment practice occurred, not when a plaintiff feels the consequences of that practice. *Specialty Retailers*, 933 S.W.2d at 492-93. In other words, "the date of the discriminatory act controls, not some later date when the employee discovers the act is discriminatory." *Abbott v. Rankin*, No. 06-07-00149-CV, 2008 WL 5156453, at *3 (Tex. App.—Texarkana Dec. 10, 2008, pet. denied) (mem. op.). "If the party files suit before exhausting exclusive administrative

remedies, the courts lack jurisdiction and must dismiss the case." *Clint Ind. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 544 (Tex. 2016) (internal citations omitted).

28. Here, any harassing and/or retaliatory conduct asserted against Nix was alleged to have occurred, if at all, prior to Mott's termination on October 21, 2022. However, Mott did not file her administrative charge with the EEOC until August 16, 2023, or more than 180 days after the termination of her employment on October 21, 2022. **Ex. A**, Pl's Pet. ¶ 29 ("The Plaintiff was suddenly terminated on October 21st, 2022"). Mott does not and cannot assert any employment claims against Nix after her separation, and because she did not properly exhaust her claims when she filed her Charge with the EEOC almost a year later, this Court lacks jurisdiction to hear her claims against Nix. As such, Nix's presence in this lawsuit is improper and his citizenship is irrelevant to the issue of diversity of jurisdiction.

29. Second, even if Mott's claims were timely, which they are not, no legal basis exists to hold Nix individually responsible based on the conduct alleged. Specifically, the case law is well settled within both the Fifth Circuit and Texas courts that there can be no individual liability against supervisors for alleged violations of the Texas Labor Code's anti-discrimination and retaliation provisions. *See, e.g., Lopez v. Beard & Lane, P.C.*, Civ. No. H-23-2895, 2023 WL 6283325, at *4 (S.D. Tex. Sept. 26, 2023) (dismissing Section 21.051 and 21.055 claims against the individual defendant because "only employers, not individual employees, can be held liable for TCHRA violations.") (citing supporting caselaw); *see also Cena v. Endeavor Energy Res., L.P.*, Civ. No. MO-10-CV-70, 2011 WL 13274418, at *2 (W.D. Tex. Feb. 3, 2011) (similarly dismissing Texas Labor Code retaliation claims against supervisor because "he may not be sued in his individual capacity for these alleged claims"). The Petition affirmatively identifies Nix as her "Direct Manager" and alleges that Nix retaliated against her by reporting Mott to the

"Company's Anonymous Ethics Line" for suspected fraudulent behavior, in purported violation of the Texas Labor Code's relevant anti-discrimination/retaliation provisions. **Ex. A**, Pl's Pet. ¶¶ 3(b); 25; 56; *see* TEX. LAB. CODE § 21.051 (prohibiting retaliation in employment).

30.     However, Chapter 21 does not impose individual liability against supervisors for claims of discrimination and retaliation, and numerous courts have concluded, as should this Court, that a non-diverse supervisor's inclusion in the lawsuit will not defeat diversity of citizenship that remains between the plaintiff and the diverse defendants. *See Quinonez v. Perez*, Civ. No. EP-23-CV-291-KC, 2024 WL 176601, at *5 (W.D. Tex. Jan. 16, 2024) (holding that plaintiff's Section 21.051 claims cannot defeat diversity of jurisdiction when plaintiff cannot recover against her supervisor on an individual basis); *Swafford v. Bank of America Corp.*, 401 F.Supp.2d 761, 764 (S.D. Tex. 2005) (mem. op.) (denying motion to remand by holding plaintiff cannot sustain a Texas Labor Code claim against an individual defendant who is a supervisor). Because there is no reasonable basis to recover against Nix under the relevant provisions, his inclusion in this lawsuit does not disturb diversity of jurisdiction.[7]

31.     In addition, Mott cannot recover against Nix personally for sexual harassment under the Texas Labor Code. Regardless of whether the language of Section 21.142 has been expanded to include individual liability on the part of supervisors,[8] a claim of sexual harassment

---

[7] Further, even assuming *arguendo* that Mott's retaliation claim against Nix is viable, which it is not, Texas courts have held that an initiation of an investigation against an employee is insufficient to constitute an adverse employment action necessary to sustain a retaliation cause of action. *See Breaux v. City of Garland*, 205 F.3d 150, 158 (5th Cir. 2000) (holding that subjecting an employee to an internal investigation for alleged misconduct is not an adverse employment action) (citing *Pierce v Tex. Dep't. of Criminal Justice, Inst. Div.*, 37 F.3d 1146, 1149 (5th Cir. 1994); *see also Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 782 (Tex. 2018) (setting forth the elements of retaliation under the Texas Labor Code). As such, Mott's inability to put forth even a *prima facie* case of retaliation further confirms that she has no hopes of recovering against Nix based on the allegations identified.

[8] Specifically, in 2021, the Texas legislature amended Chapter 21 of the Texas Labor Code and added "subsection C-1," which expanded the definition of "employer" for purposes of sexual harassment liability only. *See* Tex. S.B. 45, 87th Leg., R.S. (2021) (enacted); Tex. H.B. 21, 87th Leg., R.S. (2021); TEX. LAB CODE §21.141. Subsequently, some federal courts have held that supervisors may be individually liable for sexual harassment under Section 21.142, although the extent of individual liability remains unclear within Texas state courts. *See Seigel v. BWAY Corp.*, Civ.

nevertheless requires Mott to establish that Nix failed to take "immediate and appropriate corrective action" once he knew, or should have known of sexual harassment. S*ee* TEX. LAB. CODE § 21.142(1), (2). Mott cannot establish this, and in fact, confirms Nix took such actions as required. In determining whether a supervisor can be held liable under the statute, "[t]he ultimate question is whether the individual had supervisory authority over the complaining employee *and is responsible in whole or in part for the alleged violation.*" *Quinonez*, 2024 WL 176601, at *7 (emphasis added) (internal citation omitted).

32.    Fatal to Mott's harassment claim against Nix is that she states Nix is not the alleged harasser, nor does she allege any failure on the part of Nix to prevent or correct harassment. Instead, Mott alleges that she was subject to "inappropriate text messages and sexual harassment by a fellow male colleague" and acknowledges that after Nix became aware of the allegations, Nix informed Mott that he "had reported the offense to his Manager, Nasir Mundh [and] that Human Resources would conduct an investigation per company policy." **Ex. A**, Pl's Pet. ¶ ¶ 18, 19. Mott however does not allege, nor can she, that Nix had unilateral authority to investigate or remedy the alleged harassment, had any role in investigating her complaint, or that he had any knowledge of the allegedly harassing behavior before Mott informed him of the same. Instead, Schneider Electric's Policy Against Sexual Harassment and Other Workplace Harassment ("Sexual Harassment Policy") specifically requires managers or supervisors to report any allegations of harassment directly to a Human Resources representative, which is the step Mott stated in the Petition Nix took here. *See* **Exhibit I**, Sexual Harassment Policy, at 7.   Based on her own allegations, Mott cannot establish that Nix failed to take "immediate and appropriate corrective

---

No. H-24-0411, 2024 WL 1639916, at *7 (S.D. Tex. Apr. 12, 2024) (acknowledging that "[t]he court is not aware of any Texas state court that has decided whether the 2021 amendments to the Texas Labor Code, which added Subchapter C-1 governing claims for sexual harassment, provided for individual liability.") (internal citations omitted).

action" under Section 21.142, and as such, Mott has no reasonable basis to recover against Nix under the statute. *See Fossil Grp, Inc. v. Harris*, 2024 WL 2982976, at *2, 5 (Tex. June 14, 2024) (holding that an employer's prompt remedial actions, including the fact that the store manager immediately notified human resources about the alleged harassing conduct upon learning of the same, defeats a Chapter 21 hostile work environment claim).

33.     In sum, Mott cannot recover against Nix because her harassment and retaliation claims are administratively barred, and because she cannot advance a theory of individual liability under either Section 21.051 or Section 21.141. As such, Defendants have met their burden of establishing that Nix was improperly joined in this lawsuit as to her employment claims.

II.     *Mott cannot recover against Nix for her remaining common law claims for defamation and intentional infliction of emotional distress, which are pre-empted by Chapter 21 and barred as a matter of law.*

34.     Additionally, Mott cannot recover against Nix individually for her remaining common law claims, the factual allegations are as follows:

- As part of her defamation claim, she complains that Nix made certain "false and defamatory statements regarding the reason for Plaintiff's termination." **Ex. A**, Pl's Pet. ¶¶ 24; 39. Mott claims Nix made those statements "on or about January of 2023." *Id*. at ¶ 24.

- As for her intentional infliction of emotional distress claim, Mott asserts that Nix and others "maliciously and intentionally inflicted emotional distress" when Nix "maliciously, intentionally, and/or recklessly communicated to numerous persons false statements that harmed the reputation of Mott by lowering Mott in the community opinion." **Ex. A**, Pl's Pet. ¶¶ 97, 99. Mott further asserts that Defendants, including Nix, "also

maliciously, intentionally, and/or recklessly expressed in written, verbal or other graphic form false statements that harmed the reputation of Mott thereby exposing Mott to public hatred, contempt or ridicule, and/or financial injury." *Id*. ¶ 100.

35.     First, it is well established that Mott's intentional infliction of emotional distress and defamation actions are pre-empted by Chapter 21's statutory framework, and accordingly, there is no separate basis for recovery against Nix under Texas law for those claims.

36.     In *Waffle House, Inc. v. Williams*, 313 S.W.3d 796 (Tex. 2010), the Texas Supreme recognized that the Texas Commission on Human Rights Act ("TCHRA")[9] provided the exclusive remedy for certain workplace discrimination claims, and that various common-law torts, including the judicially created "gap-filler" tort of intentional infliction of emotional distress, could not be asserted independent of TCHRA's statutory framework when the gravamen of those torts was based on the same conduct covered by the TCHRA. *See id*. at 801-802.  In other words, "where the gravamen of a plaintiff's case is TCHRA-covered [conduct], the Act forecloses common-law theories predicated on the same underlying [. . . ] facts." *See id*. at 813.

37.     Here, the Petition plainly and affirmatively alleges "ongoing retaliatory behavior" on the part of Nix by "manufactur[ring] false accusations of fraud" and making "false and defamatory statements" in order to initiate a fraud investigation against Mott. *See* **Ex. A**, Pl's Pet. ¶¶ 24, 25. Mott further alleges that the statements were defamatory precisely because the retaliatory behavior (i.e., the fraud accusations) were unfounded, which additionally formed the basis of her intentional infliction of emotional distress claim. *See, e.g., id*. ¶ 56 ("Defendant retaliated against Plaintiff when, without legitimate reason, it made false accusations of fraud to

---

[9] The Texas Commission on Human Rights Act is now referred to as Chapter 21 of the Texas Labor Code.

the company . . . .") ¶ 26 ("Nix made false and defamatory statements . . . [when] Nix stated that Mott was terminated because [] ' . . . she had been investigated by compliance . . . .'") ¶¶ 97-100 (complaining that Nix "maliciously and intentionally inflicted emotional distress on Mott [when] Nix . . . communicated to numerous persons false statements that harmed the reputation of Mott . . . .").

38.    As the above shows, Mott's allegations in support of her defamation and intentional infliction of emotional distress claims are the same as those used to underpin her retaliation claim, without which her state law claims cannot survive. Because those state law claims are "inextricably intertwined with the facts giving rise to complaints that could have been resolved through Chapter 21," and because retaliation is already recognized under Chapter 21 as a form of prohibited employment discrimination, the Texas Labor Code squarely forecloses Mott's ancillary common law claims predicated on the same set of underlying facts as her untimely Chapter 21 claims. *See, e.g., Montes v. Overhead Door Corp.*, Civ. No. 13-19-00018-cv, 2019 WL 5997508, at *3 (Tex. App.—Corpus Christi, Nov. 14, 2019, no pet.) (dismissing plaintiff's defamation claim made to the Texas Workforce Commission as pre-empted by Chapter 21 because it was predicated on the same underlying facts as his discrimination allegation); *McReynolds v. Bell Textron, Inc.*, Civ. No. 4:22-cv-00194-O-BP, 2022 WL 2759848, at *7 (N.D. Tex. June 29, 2022), *report and recommendation adopted*, No. 4:22-CV-00194-O-BP, 2022 WL 2757631 (N.D. Tex. July 14, 2022) (similarly holding pro-se plaintiff's defamation claim to be pre-empted when "it is rooted in the same facts as her Title VII claim"); *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 SW.3d 438, 441 (Tex. 2004) (holding a separate claim for intentional infliction of emotional distress is not available if the gravamen of the complaint is a statutory claim under Chapter 21); *Pruitt v. Int'l. Ass'n. of Fire Fighters*, 366 S.W.3d 740, 750 (Tex. App.—Texarkana 2012, no pet.) (concluding

that the plaintiff's claims for intentional infliction of emotional distress was pre-empted by Chapter 21).

39.     Because those claims are pre-empted by Chapter 21, there is no reasonable basis for recovery against Nix individually, and his inclusion in this lawsuit is improper.

40.     Second, even if not pre-empted, both defamation and intentional infliction of emotional distress claims against Nix are additionally barred as a matter of law because these are untimely and not supported by the allegations in the Petition.

41.     Under Texas law, defamation is subject to a one-year statute of limitations, which begins to run from the day the cause of action accrues. *See Deaver v. Desai*, 483 S.W.3d 668, 673 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing Tex. Civ. Prac. & Rem. Code § 16.002(a)). "A slander claim accrues on the date of the communication or publication and not on the date of the consequences." *See Serrano v. Ryan's Crossing Apartments*, 241 S.W.3d 560, 563 (Tex. App.—El Paso 2007, no pet.) (internal citations omitted). Here, the sole defamatory statement identified by Mott to have been made by Nix occurred "on or around January of 2023" and Mott has not asserted any grounds for tolling. *See* **Ex. A**, Pl's Pet. ¶ 24. Accordingly, any defamation claim arising from that statement is time-barred because Mott filed the instant lawsuit more than a year and a half later, on July 5, 2024. *See Walker v. Beaumont Indep. Sch. Dist.*, Civ. No. 1:15-CV-379, 2016 WL 6666833, at *21 (E.D. Tex. Aug. 18, 2016), *report and recommendation adopted as modified*, No. 1:15-CV-379, 2016 WL 6693170 (E.D. Tex. Sept. 14, 2016) (granting individual defendants' motion to dismiss by holding plaintiff's libel and slander claims as barred by the statute of limitations). Accordingly, there is no legal basis to recover against Nix for defamation as a matter of law.[10] And because the defamation claim fails, Mott's ancillary

---

[10] In addition, to state a viable defamation claim, the statements in question must be "reasonably capable of defamatory meaning" when viewed in context. Here, Mott's defamation claim is primarily predicated on Nix's statement that she

**Defendants' Notice of Removal - Page 16**

intentional infliction of emotional distress claim predicated on those defamatory statements is also barred as a matter of law. *See Tu Nguyen v. Duy Tu Hoang*, 318 F. Supp. 3d 983, 1024-1025 (S.D. Tex. 2018) (holding that when the intentional infliction of emotional distress claim is based on allegedly defamatory statements, the dismissal of the defamation claim is fatal to the intentional infliction of emotional distress claim); *Hoffman-La Roche, Inc*., 144 S.W.3d at 447 (likewise holding an intentional infliction of emotional distress claim is not available when the underlying tort is defamation) (citing supporting authority).

42.     Finally, even if an intentional infliction of emotional distress claim can be independently asserted against Nix, which it cannot, Nix's statement that Mott "had done a very bad, bad thing . . ." are not the type of "extreme and outrageous conduct" necessary to sustain an intentional infliction of emotional distress claim.[11] Under Texas law, liability does not extend to insults, indignities, threats, annoyances, petty oppressions, or other type of behavior common in employment disputes. *See, e.g., Swafford*, 401 F. Supp. 2d at 765; *see also, GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 612 (Tex. 1999) (holding that intentional infliction of emotional distress "does not lie for ordinary employment disputes."); *Diamond Shamrock Ref. & Mktg. Co. v. Mendez*, 844 S.W.2d 198 (Tex. 1992) (stating conduct of employer who wrongfully accused plaintiff of thievery and fired him was not extreme and outrageous conduct); *Durckel*, 78 S.W.3d

---

had been investigated by compliance, and it was determined that she "'had done a very bad, bad, thing.'" **Ex. A**, Pl's Pet. ¶ 24. However, Mott does not claim that Nix directly accused her of any fraudulent or criminal behavior, nor did Nix publicize any statement to others directly accusing her of fraud. As such, Nix's statements are not reasonably capable of having a defamatory meaning as a matter of law. *See Durckel v. St. Joseph Hosp.*, 78 S.W.3d 576, 584-585 (Tex. App.—Houston [14th Dist.] 2002 no pet.) (statement made to employee that "a camera was missing' and that "you need to return it" were not reasonably capable of defamatory meaning, when the speaker never accused employee of stealing camera, never charged her with theft, and never published any statement labeling her a thief.).

[11] To prove an intentional infliction of emotional distress claim under Texas law, a plaintiff must show (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Swafford v. Bank of Am. Corp.*, 401 F. Supp.2d 761, 765 (S.D. Tex. 2005)).

**Defendants' Notice of Removal - Page 17**

at 586 (Tex. App.—Houston [14th Dist.] 2002 no pet.) (accusation made against employee regarding missing equipment did not rise to level of extreme and outrageous conduct). Therefore, Mott's intentional infliction of emotional distress claim predicated on Nix's alleged defamatory statements, even if not pre-empted, cannot constitute the type of "extreme and outrageous" behavior to be legally actionable.

43.     Given the above, there is no possibility that Mott can establish her employment and common law claims against Nix, and Nix's citizenship should be disregarded for purposes of removal jurisdiction.  After disregarding Nix, there is complete diversity of citizenship between Plaintiff Mott and each defendant at the time of removal.

### IV.    PROCEDURAL PREREQUISITES

44.     As stated, all procedural prerequisites to removal have been complied with. By removing this action, Defendants do not waive any defenses, objections, or motions available to it under state or federal law.[12]

### V.    CONCLUSION

Because the amount in controversy exceeds $75,000, exclusive of interests and costs, and because there is complete diversity at the time of removal, this Court has jurisdiction under 28 U.S.C. § 1332.  Accordingly, Defendants Schneider Electric Systems USA, Inc. and Schneider Electric Canada, Inc. respectfully request that this action be removed from the 295th Judicial District of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

---

[12] As indicated, Defendants intend to move to dismiss Mott's remaining claims after removal.

**Defendants' Notice of Removal - Page 18**

Dated: August 16, 2024

Respectfully submitted,

Of Counsel:

/s/ Kelcy L. Palmer

Jay Zhang
State Bar No. 24110574
Fed. Id. No. 3365543
jzhang@littler.com

Kelcy L. Palmer (Attorney-in-Charge)
State Bar No. 24088099
Fed. Id. No. 2524981
kpalmer@littler.com

LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
Telephone:  713.951.9400
Facsimile:  713.951.9212

LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
Telephone:  713.951.9400
Facsimile:  713.951.9212

**ATTORNEYS FOR DEFENDANTS SCHNEIDER ELECTRIC SYSTEMS USA, INC., SCHNEIDER ELECTRIC CANADA, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of the foregoing instrument was served on counsel of record, *via* e-file notification and/or email on this 16th day of August, 2024 to:

Paula A. Mott
2700 Post Oak Blvd., Suite 1750
Houston, Texas 77056
Paula.mott@protonmail.com

***Pro Se Plaintiff***

/s/ Kelcy L. Palmer
Kelcy L. Palmer

**Defendants' Notice of Removal - Page 19**