United States District Court
Southern District of Texas
**ENTERED**
May 30, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAULA A. MOTT, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-3084 |
| | § | |
| SCHNEIDER ELECTRIC SYSTEMS, USA, | § | |
| INC., SCHNEIDER ELECTRIC INC., NASIR | § | |
| MUNDH, ANDREW NIX, and JAY | § | |
| ABDALLAH, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the Court is Defendant Schneider Electric Systems USA, Inc.'s ("Schneider" or "Defendant") Motion to Dismiss. (Doc. No. 18).[1] Plaintiff Paula Mott ("Mott" or "Plaintiff"), proceeding *pro se*, responded in opposition (Doc. No. 20), and Defendant replied. (Doc. No. 21). Having considered the pleadings, the Motion, and the applicable law, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss. (Doc. No. 18).

### I.   Background

This is an employment dispute brought by Plaintiff against her former employer, Schneider, and Mott's former supervisors and coworkers. Plaintiff worked for Schneider in a sales position from September 2021 through October 21, 2022. (Doc. No. 17 at 4). Schneider is in the business of designing and supplying technologies to industrial companies. (Doc. No. 18 at 7). The allegations and causes of action are numerous. Mott brings the following claims against Schneider: 1) discrimination, harassment, and retaliation in violation of Chapter 21 of the Texas Labor Code; 2) common law defamation; 3) violations of the Harmful Access by Computer Act; 4)

---

[1] Defendant Schneider Electric Systems USA, Inc. is the only movant in this Motion. Defendant contends that the remaining defendants are either improperly joined in this suit, or have yet to be served.

unauthorized interception of communication in violation of Chapter 123 of the Texas Civil Practice and Remedies Code; 5) intentional infliction of emotional distress; 6) common law invasion of privacy; 7) violations of the Texas Penal Code; and 8) breach of contract.

Schneider moves to dismiss each and every claim against it. Since the allegations are numerous and the pleaded facts are generally relevant only to specific causes of action, the Court will discuss specific facts below in the appropriate section.

## II.     Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual

allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III.   Analysis

**A. Jurisdiction**

As in most instances, this Court must first confirm that it has jurisdiction. Schneider contends in its notice of removal that this Court has diversity jurisdiction because Defendant Andrew Nix was improperly joined. Schneider removed the case solely based upon diversity jurisdiction because Plaintiff pleaded only state law causes of action. *See* 28 U.S.C. § 1332; § 1441(a). The parties agree that Plaintiff is a citizen of Texas, Andrew Nix ("Nix") is a citizen of Texas, Nasir Mundh is a citizen of a foreign country, Jay Abdallah is a citizen of a foreign country, Schneider Electric Systems USA, Inc. is a citizen of Delaware and Massachusetts, and Schneider Electric Canada, Inc is a citizen of a foreign country. (Doc. No. 17 at 2–3); (Doc. No. 1 at 6–7). Although, Plaintiff and Nix have the same citizenship, a fact that would otherwise destroy diversity, Schneider contends that Nix's citizenship should be disregarded as he is an improperly joined party. (Doc. No. 1 at 7). Plaintiff did not respond to Schneider's contention that Nix is improperly joined, nor did she seek remand.

Whether Nix is properly joined as a defendant is the key to determining whether this Court has jurisdiction. Schnieder contends that Nix was improperly joined and should be dismissed. (*Id.*). If Nix is dismissed as a party to this suit, then this Court has jurisdiction because there would be complete diversity of citizenship between Plaintiff and the remaining defendants. If Nix was properly joined, there would not be complete diversity between the Plaintiff and the Defendants as required by 28 U.S.C. § 1332, and the Court would not have jurisdiction.

Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999). Schneider does not dispute that Nix is a Texas citizen. Accordingly, the Court must focus on the second test.

Under the second prong (inability to establish a cause of action), the Court must determine whether "there is arguably a reasonable basis for predicting that state law might impose liability." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003). "This means that there must be a reasonable *possibility* of recovery, not merely a *theoretical* one." *Id.* (emphasis in original). Further, the standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id.* The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim. *Id.* at 462–63 (citing *Travis v. Irby*, 326 F.3d 644, 648–49 (5th Cir. 2003)). The Court must review the pleading first to see if Plaintiff alleged sufficient facts to state a plausible claim for relief against Nix. *See Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220 (5th Cir. 2018).

Liberally construing Plaintiff's claims, Mott alleges that Nix, a Schneider employee and Mott's manager, is liable for harassment and retaliation under Chapter 21 of the Texas Labor Code, common law defamation, and intentional infliction of emotional distress. Schneider argues that none of these actions can result in personal liability. As such, Schneider concludes that Nix is improperly joined because Mott cannot establish a viable cause of action against him. The Court agrees.

4

As for Plaintiff's claims against Nix under Chapter 21 of the Texas Labor Code, the Fifth Circuit has long held that "individuals who do not otherwise qualify as an employer cannot be held liable for a breach of title VII." *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir.), cert. denied, 115 S. Ct. 574 (1994). Courts apply the same standards when analyzing claims under Title VII and Chapter 21 of the Texas Labor Code. *See Pineda v. United Parcel Service, Inc.*, 360 F.3d 483, 487 (5th Cir. 2004). The TCHRA defines "employer" as a "person who is engaged in an industry affecting commerce and who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year," or an agent of such a person. TEX. LAB. CODE § 21.002(8)(A)–(B). Though its arguable that Nix is an agent of Schneider, the Fifth Circuit recognized that while the definition of "employer" includes "any agent" of an employer, that reference merely incorporates the principle of *respondeat superior* liability into Title VII, and does not impose individual liability on employers' agents. *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002). Thus, Nix cannot be liable under Chapter 21 of the Texas Labor Code.

Concerning Mott's defamation and intentional infliction of emotion distress claim, Schneider contends that Chapter 21 of the Texas Labor Code preempts those causes of action. According to Schneider, Chapter 21 forecloses these claims because they are predicated on the same underlying facts surrounding the retaliation allegation. The Court agrees that Plaintiff's intentional infliction of emotional distress claim is preempted by Chapter 21. Plaintiff alleges that Nix "maliciously and intentionally inflicted emotional distress on Mott when [Nix and others] acted with malice and intentionally, motivated by retaliation, and/or recklessly proximately causing severe emotional distress to Mott." Since the gravamen of Plaintiff's claim is employment-related retaliation, Chapter 21 forecloses common-law theories predicated on the same underlying retaliatory facts. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 802 (Tex. 2010) ("Where

the gravamen of a plaintiff's case is [Texas Labor Code Chapter 21]–covered harassment, the Act forecloses common-law theories predicated on the same underlying sexual-harassment facts."); *City of Waco v. Lopez*, 259 S.W.3d 147, 156 (Tex. 2008) (concluding that even though plaintiff did not invoke Chapter 21 in his pleadings, the plaintiff's suit for retaliation involving racial discrimination should be dismissed because "his claim falls squarely within "[Chapter 21's] ambit"); *Pruitt v. Int'l Ass'n of Fire Fighters*, 366 S.W.3d 740, 750 (Tex. App.—Texarkana 2012, no pet.) (concluding that the plaintiff's claims were preempted by Chapter 21 because the gravamen for his intentional infliction of emotional distress, breach of fiduciary duty, and tortious interference with employment relationship claims was racial discrimination).

With respect to Plaintiff's defamation claim, the Court disagrees with Schneider that it is preempted by Chapter 21. Plaintiff alleges that Nix "manufactured false accusations of fraud against the Plaintiff in an effort to get her fired." She also claims that after her termination, Nix told others that Mott "had been investigated by compliance, and it was determined that she had done a very bad, bad thing." This statement is separate from any retaliation or harassment claim under Chapter 21. Thus, the Court finds that Chapter 21 does not preempt Plaintiff's defamation claim against Nix.

Nevertheless, Plaintiff still fails to state a viable claim against Nix for defamation for another reason. Mott pleaded that Nix made the aforementioned statement "on or about January 2023." Under Texas law, defamation is subject to a one-year statute of limitations, which begins to run from the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE § 16.002(a)). As a general rule, the cause of action accrues when the statement is made. *Judy Chou Chiung-Yu Wang v. Prudential Ins. Co. of Am.*, 439 F. App'x 359, 366 (5th Cir. 2011). Mott filed this suit on July

6

5, 2024—more than one year after the statement was allegedly made. As such, Plaintiff's defamation claim against Nix is clearly time-barred.

Plaintiff has failed to establish a cause of action against Nix, the non-diverse party. Thus, the Court finds that Nix was improperly joined. *See Griggs*, 181 F.3d at 698. Nix is therefore dismissed as a party to this suit. Consequently, this Court has jurisdiction because there is complete diversity of citizenship between Plaintiff and the remaining defendants.

### B. Violations of Chapter 21 of the Texas Labor Code

Mott alleges several causes of action under Chapter 21 of the Texas Labor Code: discrimination based on gender, sexual harassment, and retaliation.

With respect to her discrimination claim, Mott alleges that she was informed by Schneider's recruiter that she was paid less than her male counterparts. (Doc. No. 17 at 4). She claims that the recruiter informed her that previous male candidates placed with Defendants were offered salaries that ranged from $150,000 to $165,000, whereas she was offered $125,000. (*Id.*).

As for her sexual harassment claim, Plaintiff alleges that on July 27, 2022, Mott received "inappropriate text messages" and was subjected to sexual harassment from a male coworker. (*Id.* at 7). This behavior allegedly included "unwanted advances, suggestive text messages, lewd staring, inappropriate questions regarding the Plaintiff's personal life, her relationship status, and more." (*Id.*).

Finally, Mott alleges that she was retaliated against on multiple occasions, beginning when Plaintiff inquired about her allegedly unequal pay. (*Id.* at 6). She also claims that Schneider retaliated against her by rating below her actual performance level on her 2021 performance review, where she received a rating of "Performer" rather than "High Performer." (*Id.* at 7). Additionally, Plaintiff asserts that she was retaliated against by having her sales quota was

increased without explanation. (*Id.* at 7). Plaintiff alleges that Schneider also engaged in retaliatory behavior on October 21, 2022 when it terminated Plaintiff's employment. (*Id.* at 12). The final pleaded act of retaliation occurred on April 6, 2023, when Schneider allegedly illegally accessed Mott's home network in an attempt to access her personal data. (*Id.* at 16–17).

Schneider contends that Mott's discrimination, harassment, and retaliation claims must be dismissed because Plaintiff failed to timely exhaust her administrative remedies. (Doc. No. 18 at 12). The Texas Labor Code states that a complaint must be filed with the Texas Workforce Commission ("TWC") not later than the 180th day after the date the alleged unlawful employment practice occurred. TEX. LAB. CODE § 21.202. For claims of sexual harassment, a complaint must be filed not later than the 300th day after the date the alleged sexual harassment occurred. *Id.* Compliance with § 21.202's deadlines is mandatory, and failure to comply with the filing deadlines is an affirmative defense which, if proven, requires dismissal. *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 553 (5th Cir. 2020).

A discrete retaliatory or discriminatory act "occurred" on the day that it "happened." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).[2] Plaintiff filed her complaint with the EEOC and TWC on August 16, 2023. (Doc. No. 17 at 21). Thus, under the general rule, all allegations of discrimination and retaliation predating February 17, 2023 (180 days prior to the date the charge was filed) and all allegation of sexual harassment predating October 20, 2022 (300 days prior to the date the charge was filed) are outside of the TCHRA's statute of limitations.

Plaintiff asserts that, although some of her claims occurred before the 180-day and 300-day deadline, those claims fall under an exception to the general rule. Mott contends that her claims

---

[2] Though Plaintiff claims that Defendant violated the TCHRA, the law governing claims under the TCHRA and Title VII is identical. *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 n.2 (5th Cir. 1999); *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018). Thus, the Court may use federal cases interpreting Title VII to interpret the TCHRA. *See Shackelford*, 190 F.3d at 404 n.2.

8

are not time barred because the acts are part of a "continuing violation." (Doc. No. 20 at 4). Under this exception to the limitations period, a court may consider all of the employer's actions, even those that are outside of the 180-day window, when the plaintiff shows that the employer had an "organized scheme leading to and including a present violation, so that it is the cumulative effect of the discriminatory practice, rather than any discrete occurrence, that gives rise to the cause of action." *Drew v. City of Houston*, 679 S.W.3d 779, 785 (Tex. App.—Houston [1st Dist.] 2023, no pet.).

Nevertheless, the United States Supreme Court's decision in *Nat'l R.R. Passenger Corp. v. Morgan* controls. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). The *Morgan* Court clarified that the "continuing violation doctrine does not apply to discrimination and/or retaliation claims," but may apply to hostile work environment claims. *Skaggs v. Van Alstyne Indep. Sch. Dist.*, No. 4:16-CV-00227-CAN, 2017 WL 77825, at *6 (E.D. Tex. Jan. 9, 2017); *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009) ("Unlike in a case alleging discrete violations, a hostile environment plaintiff is not limited to filing suit on events that fall within this statutory time period because her claim is comprised of a series of separate acts that collectively constitute one 'unlawful employment practice.'") (quoting *Morgan*, 536 U.S. at 117). That means that only complaints based upon a hostile work environment claim can withstand a statute of limitations defense under a continuing violation theory. *Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 737 (5th Cir. 2017), *as revised* (Mar. 13, 2017) ("Claims alleging discrete acts are not subject to the continuing violation doctrine; hostile workplace claims are."); *see also Aguirre v. Valerus Field Sols., L.P.*, CV H-15-3722, 2019 WL 2570069, at *9 (S.D. Tex. Jan. 23, 2019) (Stacey, M.J.) ("[O]nly complaints supporting a hostile work environment claim

can withstand a statute of limitations defense under a continuing violation theory."), *report and recommendation adopted*, 4:15-CV-03722, 2019 WL 989413 (S.D. Tex. Mar. 1, 2019) (Hanen, J.).

In this case, all pleaded instances of discrimination and retaliation that predate February 17, 2023 (180 days prior to the date the charge was filed) are barred by the statute of limitations. As for Plaintiff's sexual harassment claim, the only pleaded instance of sexual harassment allegedly occurred on July 27, 2022. (*Id.* at 7). There are two general types of sexual harassment: quid pro quo and hostile work environment. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 (Tex. 2010).

Though not explicitly pleaded as a cause of action in her complaint, it is possible that Plaintiff intended to plead a hostile work environment claim. Plaintiff's response to Schneider's Motion suggests as much. *See* (Doc. No. 20 at 7) ("[W]hen a plaintiff alleges a hostile work environment claim, such as Plaintiff's harassment complaint . . . .").[3] Unlike the other pleaded causes of action, hostile work environment claims can withstand a statute of limitations defense under a continuing violation theory. *Heath*, 850 F.3d at 737. Here, however, Plaintiff's claim is still time barred.

As noted above, the continuing violation doctrine applies when "all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Morgan*, 536 U.S. at 122. Even utilizing the extended limitations period, no pleaded act of sexual harassment occurred within the 300-day deadline. Plaintiff pleaded one instance of sexual harassment, which she alleges occurred on July 27, 2022. This is a single, discrete event. Notably, a single incident of harassment, if sufficiently severe, could give rise to a viable hostile

---

[3] The Court recognizes, of course, that a plaintiff cannot fix a faulty complaint with argument in a response to a motion to dismiss. The Court addresses the potential hostile work environment claim for the sake of completeness because a "plaintiff who brings a claim *pro se* is entitled to a liberal reading of that complaint." *Payton v. United States*, 550 F. App'x 194, 195 (5th Cir. 2013) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

work environment claim. *See E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 400 (5th Cir. 2007). Nevertheless, there are no alleged instances within the proscribed time period. Thus, for Plaintiff to have complied with § 21.202's deadlines, she was required to file a complaint by May 22, 2023 for her sexual harassment claims—300 days after the pleaded instance of sexual harassment.

Plaintiff alleges other instances of harassment that are not sexual in nature. For these allegations, the Court must use the 180-day limitations period. It defies logic that a hostile work environment claim can be based on acts that occurred after the Plaintiff no longer works for the Defendant. As such, the last viable allegation that can support a hostile work environment claim occurred on October 21, 2022—the day of Plaintiff's termination. Therefore, because all instances of harassment that could potentially support a hostile work environment claim predate February 17, 2023 (180 days prior to the date the charge was filed), Plaintiff's hostile work environment claim is barred by the statute of limitations.

Consequently, the majority of Mott's claims brought under Chapter 21 of the Texas Labor Code against Schneider must be dismissed. The only remaining Chapter 21 claim is one for retaliation predicated on alleged instances that occurred on or after February 17, 2023.

### C. Common Law Defamation

As previously noted, Plaintiff alleges that Nix "manufactured false accusations of fraud against the Plaintiff in an effort to get her fired." (Doc. No. 17 at 10). She also claims that after her termination, Nix told others that Mott "had been investigated by compliance, and it was determined that she had done a very bad, bad thing." (*Id.* at 14).

Schneider contends, as it did in asserting that Nix was improperly joined, that Plaintiff's defamation claim is preempted by Chapter 21 of the Texas Labor Code. The Court disagrees for the reasons discussed above. Nevertheless, Schneider also urges that Plaintiff's claim is barred

under the appliable statute of limitations. Again, Mott pleaded that Nix made the aforementioned statement "on or about January 2023." Under Texas law, defamation is subject to a one-year statute of limitations, which begins to run from the day the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.002(a)). Mott filed this suit on July 5, 2024—more than one year after the statement was allegedly made. As such, Plaintiff's defamation claim is time-barred.

### D. Violations of the Harmful Access by Computer Act

Section 33.02 of the Texas Penal Code states that "[a] person commits an offense if the person knowingly accesses a computer, computer network, or computer system without the effective consent of the owner." Plaintiff may bring a civil cause of action under Chapter 33 of the Texas Penal Code "if the conduct constituting the violation was committed knowingly or intentionally." TEX. CIV. PRAC. & REM. CODE § 143.001.

Plaintiff alleges that she received a "work iPhone" that "illegally connect to (without Mott's explicit authorized consent), and synced with Mott's private iCloud, private contacts, private calendar, and private emails without her permission." (Doc. No. 17 at 15). Mott contends that she "immediately deactivated the device, removed all of her personal information and PII, reset the iPhone, discontinued use of the device, turned off the device, and placed the device back into its box, where it has been (in an unpowered state) since that time." (*Id.* at 15–16). Additionally, Plaintiff alleges that Schneider illegally accessed her home network on numerous occasions. (*Id.* at 15).

Schneider contends that Plaintiff's claim under the Harmful Access by Computer Act ("HACA") fails for three reasons. First, Schneider claims that the statute requires that a defendant knowingly accessed the computer, and Plaintiff failed to plead any facts to support that allegation. Yet, Plaintiff pleaded that Schneider intentionally accessed the private network. (Doc. No. 17 at

12

19). She also pleaded that, on at least four occasions, Schneider illegally accessed Mott's home network by utilizing Mott's credentials. (*Id.* at 16–17).

Second, Schneider asserts there can be no improper "access" when Plaintiff deactivated and powered down the device. Mott pleaded that she only deactivated the device and discontinued its use *after* she discovered that it connected to her network and synced with her private accounts. (*Id.* at 15). Moreover, she asserts multiple other instances where her home network was allegedly illegally accessed. (*Id.* at 16–17).

Finally, Schneider claims that Mott has failed to plead any damages, which is an essential element to the claim. *See* (Doc. No. 18). Mott alleges that she was injured by the alleged access because Defendant used the information obtained "in order to pursue the recommendations to terminate her employment." The Court finds that this is sufficient to plead injury. Taking the pleadings as true and affording sufficient leeway in favor of the non-movants, Plaintiff adequately states a claim for relief under the HACA. As such, the Court denies Schneider's request to dismiss Mott's HACA claim against it.

### E. Violations of § 123.002 of the Texas Civil Practice and Remedies Code

Plaintiff alleges that Schneider violated § 123.002 of the Texas Civil Practice and Remedies Code.[4] The statute provides that a party to a communication may sue a person who:

> (1) intercepts, attempts to intercept, or employs or obtains another to intercept or attempt to intercept the communication;
>
> (2) uses or divulges information that he knows or reasonably should know was obtained by interception of the communication; or

---

[4] Plaintiff labels this section of her Amended Complaint "Stored Communications Act of 1986 & Interception of Communication." (Doc. No. 17 at 24). Nevertheless, Plaintiff goes on to cite only § 123.002 of the Texas Civil Practice and Remedies Code. Schneider's Motion, on the other hand, focuses solely on the Stored Communications Act. (Doc. No. 18 at 20–22). In its Reply, Schneider claims that Mott is "pivoting" to the § 123.002 claim. The Court finds that Plaintiff pleaded a cause of action under § 123.002 when she explicitly cited the statute in her Amended Complaint.

> (3) as a landlord, building operator, or communication common carrier, either personally or through an agent or employee, aids or knowingly permits interception or attempted interception of the communication.

'Communication' means "speech uttered by a person or information including speech that is transmitted in whole or in part with the aid of a wire or cable." § 123.001(1). 'Interception' means "the aural acquisition of the contents of a communication through the use of an electronic, mechanical, or other device that is made without the consent of a party to the communication . . . ." § 123.001(2).

To state a claim for a violation of this statute, a plaintiff must plausibly allege: "(1) that defendants intercepted or attempted to intercept, (2) by using an electronic, mechanical, or other device, (3) the contents of [a communication] uttered by plaintiff, (4) without the consent of at least one party to the communication. *Est. of Alex through Coker v. T-Mobile US, Inc.*, 313 F. Supp. 3d 723, 731 (N.D. Tex. 2018).

Plaintiff has sufficiently pleaded a cause of action under § 123.002. Plaintiff alleges that Defendants accessed her personal emails or otherwise heard "conversations between the Plaintiff and the EEOC." (Doc. No. 17 at 24). She claims that the affected devices include her home monitory system, such as her Ring doorbell, as well as her Alexa devices. Plaintiff, therefore, pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## F. Intentional Infliction of Emotional Distress

Though not brought under its own heading, Mott appears to allege that Schneider is liable for the tort of intentional infliction of emotional distress. *See* (Doc. No. 17 at 30). As it did when it claimed that Nix was improperly joined, Schneider argues that this claim is preempted by Mott's claims brough under Chapter 21 of the Texas Labor Code. With respect to Nix above, the Court agreed with Schneider that that the claim is preempted. The same is true here.

Plaintiff alleges that Schneider is vicariously liable for its employees' actions. She claims that Nix, Fox, and Mundh "maliciously and intentionally inflicted emotional distress on Mott when Mundh, Nix, Fox, and others acted with malice and intentionally, motivated by retaliation, and/or recklessly proximately causing severe emotional distress to Mott." Since the gravamen of Plaintiff's claim is retaliation, Chapter 21 forecloses common-law theories predicated on the same underlying retaliatory facts. *See Waffle House*, 313 S.W.3d at 802 ("Where the gravamen of a plaintiff's case is [Texas Labor Code Chapter 21]–covered harassment, the Act forecloses common-law theories predicated on the same underlying sexual-harassment facts."). Thus, to the extent that Plaintiff alleged an intentional infliction of emotional distress claim, it is dismissed.

### G. Invasion of Privacy

Plaintiff next brings a claim for invasion of privacy. She asserts that the Defendants "have intentionally, and illegally, intruded on [her] right to solitude and seclusion." (Doc. No. 17 at 27). There "are two elements to this cause of action: (1) an intentional intrusion, physically or otherwise, upon another's solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive to a reasonable person." *Amin v. United Parcel Serv., Inc.*, 66 F.4th 568, 576 (5th Cir. 2023) (citing *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993)).

Schneider asserts that Mott failed to plead any facts to support her claim. Yet, Mott incorporates each preceding paragraph into the section she titles "Invasion of Privacy/Right to Privacy." In a preceding paragraph, Plaintiff alleges that Schneider "intentionally obtained illegal access to the Plaintiff's private network, private emails, private pictures, private contacts, private Ring alarm cameras, and used the information that they unlawfully obtained in order to pursue the recommendations to terminate her employment." (Doc. No. 17 at 19). She later states that the actions were highly offensive to her. (*Id.* at 27). These facts are not such that the Court can

conclude, as a matter of law, that a reasonable person would not find the alleged intrusion highly offensive. As such, Plaintiff pleaded sufficient facts to satisfy her burden at this stage.

### H. Violations of the Texas Penal Code

Schneider contends that Plaintiff alleges a "plethora" of allegations rooted in criminal statutes, and that she does not have standing to bring an action against Schneider that is based on alleged violations of the Penal Code. Plaintiff's Amended Complaint does cite multiple sections of the Texas Penal Code. For example, Plaintiff cites § 42.07 and § 42.072 of the Penal Code in her section involving claims of harassment and cyberstalking. (Doc. No. 17 at 27–29). Though the Texas Civil Practice and Remedies Code does provide for a private cause of action under some chapters of the Penal Code (*e.g.* § 143.001 of the Texas Civil Practice and Remedies Code provides a private cause of action under Chapter 33 of the Texas Penal Code), it does not do so for Chapter 42. To the extent that Plaintiff attempts to hold Schneider liable under the Penal Code where there is no statute that provides for a private cause of action, those claims are dismissed.

Plaintiff acknowledges that she cannot pursue claims under the Penal Code. (Doc. No. 17 at 17). Rather, she cites Chapter 85 of the Texas Civil Practice and Remedies Code, which creates a private cause of action for harassment and stalking separate from the Penal Code. (*Id.* at 30). Schneider does not contend that Plaintiff has failed to state a claim brought under that chapter. Thus, the Court need not address this claim. As for Plaintiff's claim for identity theft, Plaintiff may re-plead this section to clarify under which statute she asserts this cause of action.

### I. Breach of Contract

Lastly, Plaintiff brings claims for breach of contract, promissory estoppel, and unjust enrichment. Plaintiff alleges that Schneider failed to pay "commissions, bonuses, or other compensation" that she earned pursuant to the terms of a "contractually-binding agreement." (Doc.

No. 17 at 32). Specifically, she alleges that Schneider failed to pay her a bonus of $50,000, a sales commissions she earned, which she claims exceeds $770,000, and other promised benefits such as a home internet stipend. (*Id.*).

A breach of contract claim requires pleading and proof that: (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). Defendant contends that Mott does not identify a valid contract or the specific provisions that Schneider allegedly breached. (Doc. No. 18 at 25). Schneider apparently argues that Plaintiff's offer letter, which it attached to its Motion, may be what Mott considers the contract. Schneider, however, argues that there is no valid contract between the parties because Mott was an "at-will" employee. (*Id.* at 10). It further claims that Mott will not be able to produce a valid contract, and that the job offer disclaims the benefits she seeks. (*Id.*).

Nevertheless, these arguments are more appropriate at the summary judgment stage. Plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007). Whether Plaintiff will be able to proffer sufficient evidence after discovery is not a proper inquiry at this stage. The same must be said for Defendants arguments regarding Plaintiff's promissory estoppel and unjust enrichment.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Schneider's Motion to Dismiss. (Doc. No. 18). The Court finds that Nix was improperly joined. As such, Nix is dismissed from this action. Plaintiff's claims against Schneider for discrimination, harassment,

and retaliation in violation of Chapter 21 of the Texas Labor Code (except for alleged instances of retaliation that occurred on or after February 17, 2023), common law defamation, and intentional infliction of emotional distress are dismissed.

Plaintiff's claims for violations of Chapters 85 and 123 of the Texas Civil Practice and Remedies Code, violations of the HACA, common law invasion of privacy, breach of contract, and retaliation occurring on or after February 17, 2023 remain. Plaintiff may file a second amended complaint within twenty-one days of this Order to address the Court's concerns regarding her identity theft claim (as discussed on page 16 of this Order); otherwise, it too will be dismissed. The second amended complaint should not include claims dismissed by this Order but may include the non-dismissed claims as Plaintiff sees fit. Schneider has leave to respond to the second amended complaint, if it is filed, if it does so within fourteen days of the filing of such complaint.

Signed at Houston, Texas, on this the 30th day of May, 2025.

Andrew S. Hanen
United States District Judge